**ORAL ARGUMENT NOT YET SCHEDUDED**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL S. REGAN, ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondents.<br><br>AIR PERMITTING FORUM and AUTO INDUSTRY FORUM,<br><br>Intervenors. | Case No. 20-1150 (consolidated with Case No. 20-1151) |

## STATUS REPORT

Respondent the United States Environmental Protection Agency respectfully submits this status report, pursuant to the Court's order dated October 17, 2023. Order, Doc. 2022156.

This case concerns EPA's 2020 revisions to certain aspects of refrigerant management regulations which the agency issued in 2016

pursuant to Section 608 of Title VI of the Clean Air Act ("Section 608"). Section 608 establishes a "[n]ational recycling and emission reduction program," which includes provisions addressing the use and emission of ozone-depleting substances, as well as provisions making it unlawful to "knowingly vent or otherwise knowingly release or dispose" ozone-depleting refrigerants and other substances used as substitutes for such refrigerants in the course of maintaining, servicing, repairing or disposing of an appliance. 42 U.S.C. § 7671g(a), (c). In 1993, EPA promulgated regulations to implement Section 608. 58 Fed. Reg. 28,660, 28,713 (May 14, 1993) (promulgating 40 C.F.R. pt. 82, subpt. F (§§ 82.150-82.166)). In relevant part, these regulations require owners and operators of certain air-conditioning and refrigeration equipment using ozone-depleting refrigerants to repair leaks of those appliances. *Id.* at 28,716 (codified at 40 C.F.R. § 82.156(i) (1993)). These regulations were subsequently revised, and the current leak repair requirements are codified at 40 C.F.R. § 82.157. 85 Fed. Reg. 14150, 14151 (March 11, 2020).[1]

[1] For ease of reference, all of the requirements at 40 C.F.R. § 82.157, which include, among other requirements, provisions related to leak

On November 18, 2016, EPA issued a final rule entitled "Protection of Stratospheric Ozone: Update to the Refrigerant Management Requirements Under the Clean Air Act," updating its refrigerant management regulations and extending the regulations, including the leak repair requirements, to substitutes for ozone-depleting substances. 81 Fed. Reg. 82,272 (the "2016 Rule"). These substitutes include hydrofluorocarbons (HFCs), a class of potent greenhouse gases.

On March 11, 2020, EPA issued a final rule entitled "Protection of Stratospheric Ozone: Revisions to the Refrigerant Management Program's Extension to Substitutes." 85 Fed. Reg. 14,150 ("2020 Rule"). The 2020 Rule rescinded the portion of the 2016 Rule's regulations that had extended the leak repair requirements to air conditioning and refrigeration equipment using only substitutes for ozone-depleting substances, including HFCs. *See* 85 Fed. Reg. at 14,152. The 2020 Rule retained the leak repair requirements for air conditioning and

---

detection, appliance maintenance, and leak repair, are referred to as the "leak repair requirements" in this status report.

refrigeration equipment using ozone-depleting refrigerants. *Id.*; *see* 40 C.F.R. § 82.157.

On May 11, 2020, Petitioners filed these petitions, seeking review of the 2020 Rule. After NRDC's and State and Municipal Petitioners' petitions were consolidated, Petitioners filed their opening brief on October 16, 2020, and EPA filed its answering brief on December 15, 2020. *See* Pet'rs' Opening Br., Doc. 1866890; Resp'ts' Ans. Br., Doc. 1875886.

The American Innovation and Manufacturing (AIM) Act of 2020 was enacted on December 27, 2020. Pub. L. No. 116-260 § 103 (2020), codified at 42 U.S.C. § 7675. Among other things, the AIM Act instructs EPA to issue regulations to control, where appropriate, any practice, process, or activity regarding the servicing, repair, disposal, or installation of equipment that involves certain HFCs, which are referred to in the law as "[r]egulated substances," *see* 42 U.S.C. § 7675(b)(11), (c)(1), (c)(3), and their substitutes. "For purposes of maximizing reclaiming and minimizing the release of a regulated substance from equipment and ensuring the safety of technicians and consumers," the AIM Act directs EPA to:

> promulgate regulations to control, where appropriate, any practice, process, or activity regarding the servicing, repair, disposal, or installation of equipment (including requiring, where appropriate, that any such servicing, repair, disposal, or installation be performed by a trained technician meeting minimum standards, as determined by the Administrator) that involves (A) a regulated substance; (B) a substitute for a regulated substance; (C) the reclaiming of a regulated substance used as a refrigerant; or (D) the reclaiming of a substitute for a regulated substance used as a refrigerant.

42 U.S.C. § 7675(h)(1). The AIM Act also authorizes EPA to "coordinate those regulations with any other [EPA] regulations" involving "the same or a similar practice, process, or activity regarding the servicing, repair, disposal, or installation of equipment," or reclaiming. *Id.* § 7675(h)(3).

On January 15, 2021, to accord the parties additional time to confer about how the new statutory provision might affect the pending petitions for review, the Court granted a sixty-day extension of the remaining briefing deadlines. Order, Doc. 1880441.

On January 20, 2021, President Biden issued an "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis," which directed review of certain agency actions taken between January 20, 2017, and January 20, 2021. Exec. Order No. 13,990, 86 Fed. Reg. 7037 (Jan. 20, 2021). The 2020

Rule was promulgated during this period and is subject to review under the Executive Order. Since then, on March 18, May 28, August 12, October 22, and December 10, 2021, and on January 27, March 17, April 20, May 6, and June 6, 2022, EPA requested, and Petitioners did not oppose, that the Court stay the case for defined periods while EPA reviewed the 2020 Rule and determined whether to take any additional action with respect to the 2020 Rule. Doc. 1890493; Doc. 1900572; Doc. 1910014; Doc. 1919352; Doc. 1926243; Doc. 1932551; Doc. 1939433; Doc. 1943666; Doc. 1945805; Doc. 1949484. The Court has granted each of those requested stays. Order, Doc. 1890926 (Mar. 22, 2021); Order, Doc. 1900968 (June 2, 2021); Order, Doc. 1910127 (Aug. 13, 2021); Order, Doc. 1919574 (Oct. 25, 2021); Order, Doc. 1926581 (Dec. 13, 2021); Order, Doc. 1932798 (Jan. 28, 2022); Order, Doc. 1939665 (Mar. 18, 2022); Order, Doc. 1944024 (Apr. 22, 2022); Order, Doc. 1945998 (May 9, 2022); Order, Doc. 1949908 (June 9, 2022).

Based on its review of the 2020 Rule, EPA informed this Court of its intent to engage in a rulemaking that would involve re-evaluating the application of leak repair requirements to appliances using HFCs and/or other substitute refrigerants, and that it was considering various

regulatory authorities for this rulemaking, including under Section 608 of the CAA and subsection (h) of the AIM Act. *See* Doc. No. 1952854 (June 29, 2022). EPA noted that it anticipated that this rulemaking would likely include proposed actions that, if finalized, could have the effect of narrowing or resolving issues raised in this litigation.

As a result, to avoid protracted litigation and conserve judicial resources, on June 29, 2022, the Parties moved the Court to enter a time-limited abeyance of these consolidated petitions while EPA completes this rulemaking.  Doc. 1952854.  The Court granted the parties' motion, ordering the Respondents to file status reports at 120-day intervals, and ordering the parties to file motions to govern further proceedings by October 16, 2023.  Order, Doc. 1953305.

On October 5, 2023, EPA issued a pre-publication version of a notice of proposed rulemaking, as described in the parties' June 29, 2022, motion, titled Phasedown of Hydrofluorocarbons: Management of Certain Hydrofluorocarbons and Substitutes under Subsection (h) of the American Innovation and Manufacturing Act of 2020. The notice of proposed rulemaking was signed on October 5, 2023.

On October 16, 2023, the parties filed a joint motion to govern asking the Court to continue holding these petitions in abeyance until October 30, 2024. Doc. 2022005. On October 17, 2023, the Court granted the parties' motion, ordering the Respondents to file status reports at 120-day intervals, and ordering the parties to file motions to govern further proceedings by October 15, 2024. Order, Doc. 2022156.

Administrative proceedings relating to the issues in these consolidated petitions are ongoing. The proposed rule published in the Federal Register on October 19, 2023. 88 FR 72216. EPA held a public hearing on the proposed rule on November 2, 2023, and the deadline to submit public comments was on December 18, 2023. EPA has considered these public comments in developing a draft final rule, which was received by the Office of Management and Budget for interagency review on May 10, 2024.[2] EPA's next status report is due on October 11, 2024.

Respectfully submitted,

---

[2] Additional information on the interagency review process is available at https://www.reginfo.gov/public/do/eoDetails?rrid=521762 (last accessed June 10, 2024).

Dated: June 12, 2024

s/ Redding Cates
Redding Cofer Cates
U.S. Department of Justice
Environment & Natural
Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(T) (202) 514-2617
Redding.Cates@usdoj.gov

*Counsel for Respondents*